[No. 3987.]

FRANK WHITE *v.* THE STATE.

THEFT—CHARGE OF THE COURT.—See the opinion, *in extenso*, for a charge
of the court in a theft case, *held* erroneous, because it assumed both the
*corpus delicti* and the inculpation of the accused as the thief.

APPEAL from the District Court of Uvalde.　Tried below before
the Hon. A. W. Dillard, Special Judge.

The conviction in this case was for the theft of a horse, the
property of L. Schwartz, in Uvalde county, Texas, on the twenty-
second day of March, 1885.　The penalty assessed against the
appellant was a term of ten years in the penitentiary.

L. Schwartz was the first witness for the State.　He testified
that he lived in the town of Uvalde, Uvalde county, Texas.　The
lot in the rear of the witness's store was much used by country
people, when in town, as a camping place.　Witness's certain
dun, yellow, or clay bank horse disappeared from that lot on the
night of March 22, 1885, and the witness first supposed that
some campers had left the gate open over night, and that the
horse had strayed off, going, perhaps, to his old range, two or
three miles from town.　Eight or ten days after the horse disap-
peared, witness was telephoned from San Antonio by J. W. San-
som, who knew the horse.　In consequence of the telephone
message received, the witness went to San Antonio, and found
his horse in the possession of another party.　The horse belonged
to the witness, and was taken from him in Uvalde county, Texas,
without his knowledge or consent.　The defendant was well
known in the town of Uvalde, and for some time prior and up
to the disappearance of the horse, could be seen almost daily in
that town.　He and the horse disappeared from Uvalde about the
same time, since when, until brought back under arrest, the
witness had not seen him.

Cross-examined, the witness stated that he was unable to say
positively who took his horse.　He could not say that the de-
fendant took him.　Witness did not look for the horse when he
first missed him.　He supposed that the animal had gone to his
range, and rested easy about him, as he had no occasion to use
him.　Sansom knew the horse well, and had made repeated ef-
forts to purchase him from the witness.

Frank King was the next witness for the State. He testified that about May 1, 1885, the defendant brought a dun horse to him, in San Antonio, which he proposed to sell. Witness asked the defendant where he got the horse, and he said that he worked for him. Witness liked the horse, but refused to buy him. J.W. Bennett, of San Antonio, subsequently bought the horse. Mr. Schwartz, of Uvalde, afterwards claimed, and proved his title to the horse.

J. W. Sansom testified, for the State, that in April or May, 1885, he saw and recognized Schwartz's horse, in San Antonio, Texas. Witness at once telephoned Schwartz, who came to San Antonio and recovered the animal from J. W. Bennett, in whose possession he found him. Witness knew the horse well, and had often tried to purchase him from Schwartz.

J. W. Bennett testified, for the State, that in April, 1885, he bought a dun colored horse from the defendant, in San Antonio, Texas, taking his bill of sale. That bill of sale, when witness last saw it, was in the hands of justice of the peace Adams. Adams has since claimed to have lost it. Defendant told witness at the time of the purchase of the horse that he traded for him with a San Antonio stock yard man named Turner. He claimed to have owned the horse about two months. Schwartz, of Uvalde, eventually claimed the horse, and established his title.

Cross-examined, witness said that he knew nothing about how, when, or where defendant got the horse. He saw the defendant for the first time when he bought the horse.

Omitting the caption, the charge of the trial court reads as follows:

"The defendant, Frank White, is charged with the theft of a horse belonging to and the property of L. Schwartz, in the county of Uvalde, in the State of Texas, on the twenty-second day of March, 1885.

"The court charges you that 'theft is the fraudulent taking of corporeal personal property belonging to another, from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use and benefit of the person taking.'

"'The jury, before they can find the defendant guilty as charged in the indictment, must be satisfied, from the evidence, that he committed the alleged theft in Uvalde county, in the State of Texas, and that he took the horse without the consent

of the owner, with intent to deprive the owner of the value of the same, and to appropriate it to the use and benefit of him, the said defendant, Frank White.

"The law presumes every citizen to be innocent until his guilt is established by legal evidence, and if the jury should not be satisfied of the •guilt of the defendant, beyond a reasonable doubt, they will give the defendant the benefit of that doubt, and acquit him.

"The court charges you that, upon the trial of any person charged with the theft of a horse, the possession of such stolen animal by the accused, without written transfer or bill of sale, containing a specific description of such animal, shall be *prima facie* evidence against the accused that such possession was illegal.

"The court charges you that, by *prima facie* evidence, is meant that the burden of proving that he came into the possession of the horse, with the theft of which he is charged, is thrown upon the defendant, and that it was incumbent on the defendant in this case to show that he came into possession of the horse in a lawful way and manner.

"You have in determining your verdict, to look and consider all the evidence and the circumstances detailed by the witnesses, so far as they tend to throw light upon the innocence or guilt of defendant.

"The court charges you that the sale of a stolen horse by a thief is not required to be evidenced by a written bill of sale in order to his being criminally prosecuted for the theft of the horse.

"If the jury should find the defendant guilty as charged in the indictment, they will assess the punishment at confinement in the penitentiary for a period of not less than five nor more than fifteen years.

"The court charges you that the possession of a stolen animal is *prima facie* evidence that the party came into possession of the same illegally. and that you can look to the evidence to see whether or not the defendant was in possession of a horse stolen from L. Schwartz, in Uvalde county, Texas, in March, 1885.

"You can consider, in making up your verdict, whether the explanation given by the defendant as to the way in which he acquired possession of the horse was reasonable and proper, in the light of the evidence; and should you consider such explanation reasonable and proper, you will acquit him,"

The motion for new trial raised the question discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

Hurt, Judge. This is a conviction for theft of a horse, the property of L. Schwartz. The horse was taken in Uvalde county, carried to San Antonio, and sold by defendant to J. W. Bennett. The State's case was recent possession, with conflicting explanations by defendant, and sale by him to Bennett.

That part of the charge relating to a bill of sale has been held by this court, in several cases, to be erroneous. The learned judge's observations on a presumptive case, and the burden of proof are far from being the law of this State. His honor below charged the jury that "the sale of a *stolen horse by a thief* is not required to be evidenced by a bill of sale in order to his being criminally prosecuted for the theft of the horse." (Italics ours.) Counsel for appellant insisted that, as the proof showed that the defendant had executed to Bennett a bill of sale to the horse, that no proof of a sale could be made save by the bill of sale. The above charge has reference to this matter.

Now, while the proposition assumed by the court may be true, yet the language used was a most fearful outrage to the rights of defendant. This charge assumes, first, that the horse was stolen; second, that defendant was the thief, and hence the case was closed, and that, too, most evidently against defendant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*